IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.               ) | Cr. No. 04-120S |
| ) | |
| JACINTO GARCIA       ) | |

INFORMATION ALLEGING PRIOR CONVICTION

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Adi Goldstein, Assistant U.S. Attorney, and, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851, hereby files notice of the following felony drug offense conviction of the Defendant:

On February 24, 1995, the defendant JACINTO GARCIA was convicted of possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C.§ 841(a)(1)&(b)(1)(B), in the United States District Court for the District of Rhode Island, Case Number 94-044T. A certified copy of the Judgment of Conviction is attached hereto.

> Respectfully submitted,
> UNITED STATES OF AMERICA
>
> By its Attorneys,
>
> ROBERT CLARK CORRENTE
> United States Attorney
>
> *Adi Goldstein*
> ADI GOLDSTEIN
> Assistant U.S. Attorney

DATE 6/28/05

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2005, I caused to be sent by regular, first class mail, a true copy of the within Government's Information Alleging Prior Conviction to:

John J. Bevilaqua, Esq.
380 Broadway
Providence, RI 02909

*/s/ Anderson*

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case



# UNITED STATES DISTRICT COURT
## District of Rhode Island

UNITED STATES OF AMERICA

v.  Case Number CR 94-044-01T

JACINTO GARCIA
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

    The defendant, JACINTO GARCIA, was represented by JOHN F. CICILLINE, ESQUIRE.

    The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & 21:841(b)(1)(B) | POSSESSION W/INTENT TO DISTRIBUTE MORE THAN 100 GRAMS OF HEROIN | 6/10/94 | 1 |

    As pronounced on FEBRUARY 24, 1995, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

    It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

    Signed this the 27th day of February, 1995.

_Ernest C. Torres_
United States District Judge

Defendant's SSAN: [redacted]
Defendant's Date of Birth: [redacted]
Defendant's address: 80 BORIQUEN ST., PROVIDENCE, RI  02905

Attest to True Copy
RAYMOND F. BURGHARDT
Clerk
By _[signature]_
    Deputy Clerk

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: JACINTO GARCIA
Case Number: CR 94-044-01T

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46 months with respect to count 1.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant: JACINTO GARCIA
Case Number: CR 94-044-01T

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 years with respect to count 1.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall pay the cost of supervised release

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 5 - Fine

Judgment--Page 4 of 5

Defendant: JACINTO GARCIA
Case Number: CR 94-044-01T

The defendant shall pay a fine of $ 8,783.20. This fine includes any costs of incarceration and supervision.

This amount is the total of the fines imposed on individual counts, as follows:
Count 1 - Fine in the amount of $100.00
Cost of Supervised Release - $8,683.20.

This fine (plus any interest required) shall be paid in equal monthly installments according to the following schedule:

FINE - $100.00 - Due immediately
Cost of Supervised Release - $8,683.20 to be paid in installments of $180.90, to be paid during each month of supervised release, payment of which shall be deferred until the defendant is released from imprisonment.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 5 of 5

Defendant: JACINTO GARCIA
Case Number: CR 94-044-01T

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:             23
Criminal History Category:       I
Imprisonment Range:              46 months to 57 months
Supervised Release Range:        4 to 5 years
Fine Range:                      $ 10,000.00 to $ 2,000,000.00
Restitution:                     $

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

Finding that the requirements of 18 U.S.C. Section 3553(f) have been met, the Court has imposed a sentence below the Statutory Minimum and in accordance with the United States Sentencing Guidelines.